# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| JAMES MATTHEWS, ) | C/A No. 4:14-4538-MGL-TER |
| ) | |
| Petitioner, ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| LEVERN COHEN, WARDEN, ) | |
| Respondent. ) | |

Petitioner, James Matthews ("Petitioner/Matthews"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on December 2, 2014. Respondent filed a motion for summary judgment on June 5, 2015, along with a return and supporting memorandum. The undersigned issued an order filed June 5, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a response on July 6, 2015.

It is recommended that Respondent's motion for summary judgment be granted and this action be dismissed as barred by the statute of limitations. Therefore, the procedural history is set forth for reference purposes.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

**PROCEDURAL HISTORY**

The procedural history as set forth by the Respondent in his memorandum has not been seriously disputed. Therefore, the undersigned will set out the undisputed procedural history as set forth by the Respondent, in part.

Petitioner is presently confined in the Ridgeland Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Dorchester County, South Carolina, convictions and sentence. The Dorchester County Grand Jury indicted Petitioner in December 2006 for Criminal Sexual Conduct with a Minor, First Degree. Kenneth G. Cooper, Esquire, represented him on these charges.

On August 7, 2007, Petitioner pleaded guilty to Criminal Sexual Conduct with a Minor before the Honorable James C. Williams. Petitioner was sentenced to ten (10) years confinement. Petitioner did not file an appeal.

Petitioner filed a *pro se* Post-Conviction Relief (PCR) Application (2007-CP-18-2131) on November 20, 2007. He raised the following allegations in his Application:

1. Ineffective Assistance of Counsel

2. Involuntary guilty plea

At the time of the PCR hearing, Petitioner orally amended the application to include the following additional claims:

1. Counsel failed to file an appeal as requested;

2. Failure to adequately represent Applicant and prepare case for trial.

The State filed its Return on April 9, 2008. An evidentiary hearing into these claims was held on January 7, 2009, at the Orangeburg County Courthouse before the Honorable Diane

Goodstein. Petitioner was present at the hearing and represented by Mark W. McKnight, Esquire. A. West Lee, Esquire, of the South Carolina Attorney General's Office represented Respondent. Petitioner testified on his own behalf at the hearing. The State presented testimony from plea counsel, Ken Cooper. Judge Goodstein denied relief and dismissed the Application with prejudice in an Order of Dismissal filed on July 27, 2010.

Petitioner filed a notice of appeal by way of a Johnson Petition for writ of certiorari to the South Carolina Supreme Court. Assistant Appellate Defender Wanda H. Carter represented him in collateral appellate proceedings. The petition for writ of certiorari raised the following issue:

> The PCR court erred in dismissing Petitioner's claim that he did not voluntarily and intelligently waive his right to a direct appeal in the case.

Petition for Writ of Certiorari, p. 2. Petitioner filed a *pro se* response to the Johnson petition raising the following issue:

> He point to the APCR claim "showed no signed of acute injury or healed/healing trauma" App. P. 105. Was a lesser included offense available to him of ABHAN? Was criminal defense attorney ineffective for failing to investigate law-lesser or lower charge.

(Pro se response, p. 1).

The South Carolina Supreme Court filed an Order denying certiorari on March 27, 2012. It issued the remittitur on April 16, 2012.

On April 25, 2011, Petitioner filed a second PCR Application (2011-CP-18-875). The Honorable Diane Goodstein issued a Conditional Order of Dismissal filed September 26, 2011. Petitioner filed an objection. On February 20, 2012, Judge Goodstein issued a Final Order of Dismissal, filed March 6, 2012, denying and dismissing the 2nd PCR application as successive.

Petitioner appealed the denial of his second PCR application by way of a Johnson petition.

On November 6, 2014, the South Carolina Court of Appeals denied the petition and granted appellate counsel's request to withdraw. The remittitur was issued on November 24, 2014.

## GROUNDS FOR RELIEF

In his *pro se* Petition for Writ of Habeas Corpus, Petitioner raises the following grounds for relief, quoted verbatim in part:

| | |
|---|---|
| GROUND ONE: | Denied the actual effective assistance of criminal defense attorney at trial level. |
| GROUND TWO: | Denied right to criminal direct appeal and belated criminal direct appeal. |
| GROUND THREE: | Due Process Violation(s) |
| GROUND FOUR: | Violation of separation of power(s) and clause(s) State and Federal |

(Petition).

## SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary

judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

      To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer

Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## **STANDARD OF REVIEW**

Since Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of

federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

### **DISCUSSION AS TO STATUTE OF LIMITATIONS**

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Petitioner filed a response but did not address this argument.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[2] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the

---

[3] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As previously stated, Petitioner pleaded guilty and was sentenced on August 7, 2007. Since he did not file a direct appeal, his conviction became final ten (10) days after entry of his guilty plea and sentence. Therefore, the one year statute of limitations began to run on August 18, 2007. Petitioner filed his PCR application on November 20, 2007. The matter remained tolled until the South Carolina Supreme Court entered its order denying the petition for writ of certiorari on March 27, 2012, with the remittiur being issue on April 17, 2012.

Petitioner filed his federal habeas petition on December 2, 2014. As there is no prison stamp date on the envelope, the court cannot state the Houston v. Lack, 487 U.S. 266 (1988), delivery date. However, Petitioner signed his habeas petition on November 20, 2014. Even giving Petitioner the benefit of using this date as the filing date, the petition is still barred and should be dismissed.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

The United States Supreme Court has held that the federal one year statute of limitations can be subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2552–2554, 2560–2562 (2010); see also Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (0 Cir.2000)). Circumstances will rarely warrant equitable tolling, however, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. "[T]he party seeking equitable tolling must [also] have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (*quoting* Warren, 219 F.3d at 113); see also Holland, 130 S.Ct. at 2562 [" 'Petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing."] (*quoting* Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

9

There is no evidence that warrants equitable tolling[3] and Petitioner did not set forth any argument to warrant equitable tooling. Therefore, Petitioner has not demonstrated that he pursued his rights diligently or that some extraordinary circumstances stood in his way to prevent him from timely filing his federal habeas petition. Therefore, the petition should be dismissed as barred by the statute of limitations, and Respondent's motion for summary judgment should be granted.

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that Respondent's motion for summary judgment (document #23) be GRANTED in its ENTIRETY and the petition dismissed without an evidentiary hearing as the petition is barred by the statute of limitations.

It is further recommended that any outstanding motions be deemed moot.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 23, 2015
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] Petitioner has made no argument for equitable tolling. However, the time period during which his second PCR application was pending would not be tolled as it was not a "properly filed" applications for state collateral relief. See 28 U.S.C. 2244(d)(2).