IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Matthews, | ) Civil Action No. 4:14-4538-MGL |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Levern Cohen, Warden, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner James Matthews, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On July 23, 2015, the Magistrate Judge issued a Report, (ECF No. 30), recommending that the Court grant Respondent's Motion for Summary Judgment, (ECF No. 23), and that Petitioner's Petition be dismissed as time-barred. Petitioner filed an Objection to the Report on August 7, 2015, (ECF No. 32), and the matter is now ripe for review by this Court.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de*

*novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection. The Court finds that no where in Petitioner's four-paragraph filing does he meaningfully counter the core conclusion of the Magistrate Judge's analysis, specifically, the finding that Petitioner filed the instant action well outside the one year limitation period for § 2254 petitions.

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference, (ECF No. 30), overruling Petitioner's Objection. (ECF No. 32). Respondent's Motion for Summary Judgment, (ECF No. 23), is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED**. Petitioner's Motion for Partial Summary Judgment, (ECF No. 17), and Motion to Consolidate Cases, (ECF No. 33), are terminated as **MOOT**.

## Certificate of Appealability

The governing law provides that:

> (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253© . A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029,

154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis<br>
United States District Judge

September 21, 2015
Columbia, South Carolina